## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-157 (RMC) |
| THOMAS E. PRICE, M.D., Secretary of Health and Human Services, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER

The Defendants, Thomas E. Price, M.D., in his official capacity as Secretary of Health and Human Services, the Centers for Medicare & Medicaid Services ("CMS"), and the United States of America (collectively, "the Secretary"), respectfully answer the allegations of the Complaint as follows.  The Secretary notes that, pursuant to 5 U.S.C. § 706, the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

The Secretary answers the numbered paragraphs of the Complaint as follows:

1.     With respect to the first sentence, the Secretary admits that Plaintiffs are organizations that participate in the Medicare Advantage program and that they are affiliated with the UnitedHealth Group; the remainder of this sentence consists of subjective characterizations of the UnitedHealth Group, to which no response is required.  The second sentence consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

2.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

3.      This paragraph, which consists of a characterization of the Medicare Advantage program and quotations of statutory language, contains no factual allegations to which a response is required.

4.      This paragraph consists of a characterization of a final rule, which speaks for itself, and legal conclusions regarding that rule.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

5.      This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed to be required, they are denied.

6.      This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

7.      This paragraph, which consists of a characterization of the risk adjustment process in the Medicare Advantage program, contains no factual allegations to which a response is required.

8.      This paragraph, which consists of a characterization of and legal conclusions regarding the risk adjustment process in the Medicare Advantage program, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, they are denied.

9.      This paragraph consists of a characterization of a final rule, which speaks for itself.

10.      This paragraph, along with the accompanying footnote,[1] consists of a characterization of a final rule, which speaks for itself, and legal conclusions regarding that rule.

---

[1] All footnotes are hereafter treated as elements of the paragraph to which they are appended.

It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

11.     This paragraph consists of a characterization of a final rule, which speaks for itself, and a hypothetical example derived from that rule, to which no response is required.

12.     This paragraph consists of a characterization of a final rule, which speaks for itself, a hypothetical example derived from that rule, to which no response is required, and legal conclusions regarding that rule.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

13.     This paragraph consists of a characterization of a final rule, which speaks for itself, legal conclusions regarding that rule, and a characterization of the Risk Adjustment Data Validation audit process.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

14.     This paragraph consists of a characterization of the Risk Adjustment Data Validation audit process and legal conclusions regarding that process.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

15.     This paragraph consists of a characterization of a final rule, which speaks for itself, legal conclusions regarding that rule, and a hypothetical scenario derived from those conclusions.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

16.     This paragraph consists of a characterization of a final rule, which speaks for itself, legal conclusions regarding that rule, and a hypothetical scenario derived from those

conclusions.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

17.     This paragraph consists of a characterization of a final rule, which speaks for itself, and legal conclusions regarding that rule.  It contains no factual allegations to which a response is required.  To the extent that a response to the legal conclusions is deemed to be required, they are denied.

18.     This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, the legal conclusions are denied.

19.     The Secretary admits that Plaintiffs are organizations that participate in the Medicare Advantage program and that they are affiliated with the UnitedHealth Group.  The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20.     Because Thomas E. Price, M.D. has succeeded Sylvia M. Burwell as Secretary of Health and Human Services, the first two sentences of this paragraph are denied.  Defendants admit that Secretary Price administers the Medicare Advantage program through CMS.

21.     Admitted.

22.     This paragraph consists of Plaintiffs' legal conclusions regarding subject-matter jurisdiction, to which no response is required.

23.     This paragraph consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.

24.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

25.     This paragraph, which consists of a characterization of the Medicare program, contains no factual allegations to which a response is required.

26.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

27.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

28.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

29.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

30.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

31.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

32.     This paragraph, which consists of a characterization of the Medicare Advantage program and quotations of statutory language and a Federal Register publication, contains no factual allegations to which a response is required.

33.     This paragraph, which consists of a characterization of the risk adjustment process, contains no factual allegations to which a response is required.

34.     This paragraph, which consists of a characterization of the risk adjustment process, contains no factual allegations to which a response is required.

35.     This paragraph, which consists of a characterization of the risk adjustment process, contains no factual allegations to which a response is required.

36.     This paragraph, which consists of a characterization of the risk adjustment process, contains no factual allegations to which a response is required.

37.     This paragraph, which consists of a characterization of the risk adjustment process, contains no factual allegations to which a response is required.

38.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, they are denied.

39.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.

40.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, they are denied.

41.     This paragraph consists of a characterization of CMS regulations, which speak for themselves, as well as legal conclusions.  It contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the allegations are denied.

42.     This paragraph consists of a characterization of and quotation from CMS regulations, which speak for themselves, as well as legal conclusions.  It contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

43.     This paragraph, which consists of a characterization of the Medicare Advantage program and legal conclusions regarding that program, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

44.     This paragraph, which consists of a characterization of the Medicare Advantage program, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, they are denied.

45.     This paragraph, which consists of a characterization of the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.

46.     This paragraph, which consists of a characterization of the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.

47.     This paragraph, which consists of a characterization of the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.

48.     This paragraph, which consists of a characterization of the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.

49.     This paragraph, which consists of a characterization of a proposal regarding the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the allegations are denied.

50.     This paragraph consists of quotations from and characterizations of a letter written by the American Academy of Actuaries, which speaks for itself.

51.     This paragraph, which consists of a characterization of and quotations from a CMS publication regarding the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.

52.     This paragraph, which consists of a characterization of the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the allegations are denied.

53.     This paragraph, which consists of a characterization of the Risk Adjustment Data Validation process, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the allegations are denied.

54.     This paragraph consists of a characterization of a statute, which speaks for itself, and contains no factual allegations to which a response is required.

55.     This paragraph consists of a characterization of and quotation from a statute, which speaks for itself.  It contains no factual allegations to which a response is required.

56.     This paragraph consists of a characterization of and quotation from a statute, which speaks for itself.  It contains no factual allegations to which a response is required.

57.     This paragraph consists of a characterization of and quotation from statutes, which speak for themselves.  It contains no factual allegations to which a response is required.

58.     This paragraph consists of a characterization of and quotation from statutes, which speak for themselves.  It contains no factual allegations to which a response is required.

59.     This paragraph, which consists of a characterization of and quotation from a proposed rule, contains no factual allegations to which a response is required.

60.     This paragraph, which consists of a characterization of and quotation from a proposed rule, contains no factual allegations to which a response is required.

61.     This paragraph, which consists of a characterization of and quotation from a proposed rule, contains no factual allegations to which a response is required.

62.     This paragraph, which consists of a characterization of a proposed rule, contains no factual allegations to which a response is required.

63.     This paragraph, which consists of a characterization of industry practice and CMS regulations, as well as legal conclusions, contains no factual allegations to which a response is

required.  To the extent that a response is deemed to be required, the allegations and legal conclusions are denied.

64.     This paragraph, which consists of a characterization of and quotation from a proposed rule and CMS regulations, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the allegations are denied.

65.     This paragraph, which consists of a characterization of comments submitted in response to a proposed rule, contains no factual allegations to which a response is required.

66.     This paragraph, which consists of a characterization of and quotations from comments submitted in response to a proposed rule, contains no factual allegations to which a response is required.

67.     This paragraph, which consists of a characterization of and quotations from comments submitted in response to a proposed rule, contains no factual allegations to which a response is required.

68.     This paragraph, which consists of a characterization of and quotations from comments submitted in response to a proposed rule, contains no factual allegations to which a response is required.

69.     This paragraph consists of a characterization of final rules, which speak for themselves.

70.     This paragraph, which consists of a characterization of and quotations from a final rule, contains no factual allegations to which a response is required.

71.     This paragraph, which consists of a characterization of and quotations from a final rule, contains no factual allegations to which a response is required.

72.     This paragraph, which consists of a characterization of and quotations from a final rule, contains no factual allegations to which a response is required.

73.     This paragraph, which consists of a characterization of and quotations from a final rule, contains no factual allegations to which a response is required.

74.     This paragraph, which consists of a characterization of a final rule, contains no factual allegations to which a response is required.

75.     This paragraph, which consists of a characterization of a final rule, contains no factual allegations to which a response is required.

76.     This paragraph, which consists of a characterization of a final rule, contains no factual allegations to which a response is required.

77.     This paragraph, which consists of a characterization of and quotations from a final rule, contains no factual allegations to which a response is required.

78.     This paragraph, which consists of a characterization of a final rule along with legal conclusions regarding that rule, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

79.     This paragraph, which consists of a characterization of a final rule, contains no factual allegations to which a response is required.

80.     This paragraph, which consists of a characterization of a final rule along with legal conclusions regarding that rule, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

81.     This paragraph, which consists of a characterization of a final rule along with legal conclusions regarding that rule, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

82.     This paragraph, which consists of a hypothetical scenario, contains no factual allegations to which a response is required.

83.     This paragraph, which consists of a hypothetical scenario and legal conclusions regarding that scenario, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

84.     This paragraph, which consists of a hypothetical scenario and legal conclusions regarding that scenario, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

85.     This paragraph, which consists of a characterization of a final rule along with legal conclusions regarding that rule, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

86.     This paragraph, which consists of legal argument and legal conclusions, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

87.     This paragraph, which consists of legal argument and legal conclusions, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

88.     This paragraph, which consists of legal argument and legal conclusions, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the legal conclusions are denied.

89.     This paragraph, which consists of a characterization of a final rule along with legal conclusions regarding that rule, contains no factual allegations to which a response is required.  To the extent that a response is deemed to be required, the allegations are denied.

90.     In this paragraph, Plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

91.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

92.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

93.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

94.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

95.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

96.     This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

The remaining unnumbered paragraphs of the complaint contain Plaintiffs' prayer for relief, to which no response is required.  To the extent that a response is deemed necessary, the

Secretary denies the allegations contained in the prayer for relief and denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

The Secretary specifically denies all allegations in the complaint not otherwise admitted herein.

WHEREFORE, the Secretary requests that the Plaintiffs' prayer for relief be denied, that this action be dismissed, and that the Secretary be awarded his costs and such other relief as may be appropriate.


Dated: July 14, 2017                                    Respectfully submitted,

                                                        CHAD A. READLER
                                                        Acting Assistant Attorney General

                                                        CHANNING D. PHILLIPS
                                                        United States Attorney

                                                        JOEL McELVAIN
                                                        Assistant Branch Director
                                                        Federal Programs Branch

                                                          /s/ *James Bickford*
                                                        JAMES BICKFORD
                                                        New York Bar No. 5163498
                                                        Trial Attorney, Federal Programs Branch
                                                        Civil Division, U.S. Department of Justice
                                                        20 Massachusetts Ave., NW
                                                        Washington, DC 20530
                                                        (202) 305-7632
                                                        James.Bickford@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing, and served on counsel registered to receive CM/ECF notifications in this case.

*/s/ James Bickford*
James Bickford
